IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CYNTHIA MATHIS,

    Plaintiff,

v.                                                    No. 1:21-cv-01174-JDB-jay

101 TRAVEL CENTER, LLC,

    Defendant.

_____

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND DENYING AS MOOT
DEFENDANT'S MOTION TO DISMISS
_____

On February 28, 2022, Attorney Kimberly De Arcangelis filed a notice of her intent to withdraw as counsel for the Plaintiff, Cynthia Mathis, a copy of which she served upon her client. (Docket Entry ("D.E.") 17.)   Ten days later, Ms. De Arcangelis moved to withdraw as counsel for Mathis, again serving a copy of her filing on the Plaintiff.  (D.E. 18.)  Therein, counsel documented fourteen attempts to contact her client by telephone, voicemail, text message, email, and letter via regular mail and certified mail between January 31 and February 28, 2022.  Counsel advised the Court that, due to Plaintiff's lack of communication, she was unable to move forward and properly prosecute this matter.  The motion was granted on March 14, 2022.  (D.E. 19.)  The order directed Mathis to advise the Court within thirty days of the name of her new lawyer or of her intention to represent herself.  Failure to do so, the Court instructed, could result in the dismissal of her complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  A copy of the order was mailed by the Clerk to the last known address for Plaintiff provided to the Court by Ms. De Arcangelis.  The thirty-day period passed with no filing

1

by Mathis. On April 26, 2022, the Court directed her to show cause within fourteen days why her complaint should not be dismissed pursuant to Rule 41(b) and warned that failure to timely respond would result in dismissal. (D.E. 20.) A copy of this order was also mailed to the Plaintiff. That same day, the Defendant, 101 Travel Center, LLC, moved for dismissal of the complaint on Rule 41(b) grounds. (D.E. 21.) In the motion, Defendant's counsel stated that, on April 18 and 20, 2022, attempts were made to contact Plaintiff by email, to no avail. The deadline for responding to both the show cause order and the motion to dismiss have passed with no filing by Mathis.

"It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). This authority is necessary to permit the district courts "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). The power to dismiss a suit for failure to prosecute has been recognized in Rule 41(b), *id.* which permits dismissal where a "plaintiff fails to prosecute or to comply with . . . a court order," Fed. R. Civ. P. 41(b). Such a dismissal operates as an adjudication on the merits unless the order indicates otherwise. *Id.*

In determining whether dismissal is appropriate, the district courts are to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Richter v. Am. Aggregates Corp.*, 522 F. App'x 253, 259 (6th Cir. 2013) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). While no one factor is outcome determinative, "a

case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

In order for a plaintiff's actions to constitute bad faith, willfulness, or fault, they must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Although there is no evidence of bad faith on Mathis's part, her failure to obey the Court's orders indicates willfulness or fault. *See Howe v. Worley*, Case No. 2:21-cv-00006, 2022 WL 1164918, at *2 (M.D. Tenn. Mar. 7, 2022) (failure to respond to show cause order, where court instructed party that such failure could result in dismissal, was indicative of willfulness or fault for Rule 41(b) purposes), *report and recommendation adopted*, 2022 WL 1164018 (M.D. Tenn. Apr. 19, 2022). Ms. De Arcangelis made numerous futile attempts to contact her in every manner possible over a month-long period before moving to withdraw due to the lack of communication. Mathis also failed to respond to attempts by Defendant's counsel to contact her directly after her attorney withdrew. Moreover, she has completely failed to respond to two orders of this Court, both of which gave her specific deadlines for response. She has offered no reason for this conduct and, indeed, has filed nothing since her lawyer withdrew from the case. Pro se litigants are entitled to some leniency in legal matters, but leniency has its limits. *Vander Boegh v. Harless*, Civil Action No. 5:18-CV-123-TBR, 2022 WL 542887, at *5 (W.D. Ky. Feb. 23, 2022). "[T]he generous latitude afforded to pro se litigants by the courts with respect to their pleadings does not extend to readily understood orders and deadlines." *Sobolewski v. Ford Motor Co.*, Case No. 1:21-cv-

00089, 2022 WL 1460617, at *4 (N.D. Ohio Feb. 15, 2022), *report and recommendation adopted*, 2022 WL 1124782 (N.D. Ohio Apr. 15, 2022).

With respect to prejudice, it does not appear that Defendant has been forced to expend significant time and resources in defending this matter. That said, it is still a defendant in a federal lawsuit. As another district court in this circuit observed, "[a]ll parties have a right to a just and prompt resolution of their cases[;] [t]he failure to advance litigation . . . prejudices the [defendant] and reflects the type of situation where the [c]ourt should intervene." *Stacker v. Wal-Mart Inc.*, Civil No. 3:20-cv-901, 2021 WL 6495024, at *3 (M.D. Tenn. Dec. 9, 2021), *report and recommendation adopted*, 2022 WL 125023 (M.D. Tenn. Jan. 12, 2022).

Notice, the third factor, is "key" to a court's determination as to whether dismissal is appropriate. *Schafer*, 529 F.3d at 737. Here, Mathis was advised by Ms. De Arcangelis of her intent to withdraw as counsel and her motion to withdraw. The Court mailed copies of its March 14 and April 26, 2022, orders to Plaintiff at the address provided by her attorney. The first order advised that failure to respond as directed could result in dismissal under Rule 41(b). The second stated unequivocally that "[f]ailure to timely respond to this order will result in dismissal." (D.E. 20 at PageID 53.) As there is no indication from the record that Mathis did not receive the orders notifying her of what was required of her and the consequences for noncompliance, this factor favors dismissal.

As for the fourth factor, this Court issued a show cause order, which offered Plaintiff the opportunity to avoid the Rule 41(b) sanction. *See Harper v. Houston*, No. 2:17-cv-02132-STA-cgc, 2020 WL 3260069, at *5 (W.D. Tenn. June 16, 2020) (show cause order constitutes consideration of less drastic measures prior to dismissal). Under the circumstances of this case,

4

the Court cannot conceive of any other sanction short of dismissal that would have motivated Mathis to prosecute her case.

For the reasons articulated herein, the factors to be considered by the Court weigh in favor of dismissal.  The Court has set deadlines and scheduled the matter for trial.  It will not permit this action to languish further on its docket if, as appears to be the case, Mathis no longer intends to pursue relief.  This lawsuit is DISMISSED for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and the Clerk is DIRECTED to enter judgment.   The motion to dismiss is DENIED as moot.

IT IS SO ORDERED this 23rd day of May 2022.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE